**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**OHIO STATE INNOVATION FOUNDATION,**

**Plaintiff,**

**v.**

**Civil Action 2:25-cv-1393**
**District Judge Edmund A. Sargus**
**Magistrate Judge Kimberly A. Jolson**

**ONCOC4, INC.,**

**Defendant.**

**OPINION AND ORDER**

Plaintiff's Motion to File Documents Under Seal is before the Court. (Doc. 43). For the following reasons, the Motion is **DENIED.**

## I. BACKGROUND

This is a breach of contract action. (Doc. 1 at ¶¶ 56, 68, 74). Plaintiff is a nonprofit organization created to manage and commercialize intellectual property developed at The Ohio State University. (*Id.* at ¶ 2). Defendant is a corporation, which was originally founded by faculty members at the Ohio State University, engaged in the discovery and development of cancer treatment medical interests, mainly ONC-392. (*Id.* at ¶ 13). Plaintiff's predecessor-in-interest and Defendant's predecessor-in-interest entered into a License Agreement in 2004 which has been amended over the years. (*Id.* at ¶¶ 13–14). The most recent License Agreement requires Defendant to pay Plaintiff a royalty on any "sublicense revenue" from ONC-392. (*Id.* at ¶ 16). The defined term "sublicense revenue" excludes "funds received and specifically designated for research of ONC-392." (*Id.* at ¶ 20). The License Agreement also requires Defendant to submit annual

reporting to Plaintiff and, at times, pay for an inspection of its books and records. (*Id.* at ¶¶ 22, 43).

Defendant entered into a Sublicense Agreement with non-party BioNTech to develop and commercialize cancer medications using ONC-392. (*Id.* at ¶¶ 23–24). In exchange, BioNTech agreed to make an upfront payment of $200 million to Defendant. (*Id.* at ¶ 24). Plaintiff alleges that it is entitled to a 7% royalty payment on the full $200 million payment as a sublicense fee under the License Agreement. (*Id.* at ¶ 30). OncoC4 paid the sublicense fee on $20 million but asserts it does not owe a sublicense fee on the remaining $180 million. (*Id.* at ¶¶ 27, 31, 36). Defendant contends the $180 million is excluded from the definition of "sublicense revenue" as "funds received and specifically designated for research and development of ONC-392." (*See id.* at ¶¶ 1, 30–31).

In line with the License Agreement, Plaintiff formally inspected Defendant's books and records to inquire into how the $180 million dollars were treated and used. (*Id.* at ¶¶ 32–34). According to Plaintiff, the inspection revealed that the funds were not used for research and development and, as a result, they are owed sublicense fees per their License Agreement. Defendant disagreed. (*Id.*). Consequently, Plaintiff filed this lawsuit suing Defendant for breach of contract. (*Id.* at ¶¶ 56, 68, 74).

On September 30, 2026, Defendant notified Plaintiff of its intention to use documentation produced in discovery as OSIF0003377, OSIF0003503, OSIF0003485, OSIF0005550, and OSIF0004111 (collectively, the "OSIF Documents") that would be subject to their Protective Order in their Answer and Counterclaims. (Doc. 43 at 4). Defendant sent Plaintiff proposed redactions of the items within the Answer that reference the OSIF Documents commensurate with the Protective Order. (*Id.*). In line with the Protective Order procedures, Plaintiff filed a Motion

to Seal the OSIF Documents if Defendant submits them as exhibits and that any substantive references to those documents be redacted as reflected in Defendant's proposed Answer and Counterclaims as indicated in Doc. 38-2. (*Id.* at 1).

Defendant opposes the Motion to Seal because Defendant will not be submitting those documents as exhibits along with its responsive pleading. (Doc. 46 at 1). Defendant further argues that the related information in its Answer and Counterclaim need no longer be redacted because Plaintiff has already described the OSIF Documents in a public filing—the instant Motion to Seal. (*Id.*).

Since filing the Motion to Seal, Defendant has filed an Answer with redactions commensurate with the protective order. (Doc. 49). Notably, Defendant did not include as exhibits any of the documents Plaintiff wishes to seal.

The Motion is ripe for review. (Docs. 43, 46, 47).

## II. STANDARD OF REVIEW

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.*

(quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in

accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

## III. DISCUSSION

Plaintiff seeks to file under seal the OSIF Documents "if submitted as exhibits" and redact portions of Defendant's responsive pleading which rely on those documents. (Doc. 43 at 1).

Beginning with the OSIF Documents as exhibits, Plaintiff argues that they have compelling interest in keeping them under seal if they are attached as exhibits. (*Id.* at 1–2). Defendant responds that they will not be filing the OSIF document with its responsive pleading and it never intended to. (Doc. 46 at 2). In line with this assertion, Defendant did not attach them as exhibits when it filed its responsive pleading (Doc. 49). Thus, Plaintiff's request to have the OSIF Documents sealed "if submitted" is **MOOT** because Defendant did not submit them.

Turning to Plaintiff's second request, Plaintiff argues that they have a compelling interest in redacting any substantive reference to the OSIF Documents as reflected in Defendant's proposed Answer and Counterclaims as indicated in Doc. 38-2. (Doc. 43 at 1–2). Plaintiff seeks to redact the portions of Defendant's responsive pleadings because they "quote, paraphrase, or disclose [the OSIF Document's] substance." (Doc. 47 at 1). As justification, Plaintiff says the OSIF Documents were produced subject to the Protective Order and designated as Confidential Information; include Plaintiff's internal decision-making, strategic planning, business operations, dispute resolution efforts, and financial and licensing activities; and this information is not publicly available. (*Id.* at 5).

That said, Defendant counters that Plaintiff, itself, has publicly disclosed in its instant Motion to Seal the information that it wishes to redact. (Doc. 46 at 2–4). Defendant quotes Plaintiff's Motion where it identified the subjects of each confidential OSIF Document and what

activities they concern and states how the information in the Motion at bar is largely the same as what Plaintiff wants redacted in Defendant's Answer. (*Id.* at 3).

Up front, courts have found that if the information in question is already publicly accessible, there is no compelling reason to seal. *See Doe v. State of Mich.*, No. 19-10364, 2019 WL 13199563, *1–2 (E.D. Mich. Apr. 2, 2019) (holding that the moving party did not overcome the strong presumption of openness because the information was already in the public domain). Having reviewed the descriptions of the OSIF documents in Plaintiff's publicly available Motion to Seal against the unredacted version of Defendant's responsive pleading *in camera*, the Court also does not find any instances of the Answer stating more than Plaintiff describes in their Motion. Plaintiff itself discloses the substance of the OSIF Documents one-by-one in the Motion to Seal. (Doc. 43 at 5–12). In other words, the information Plaintiff wants sealed is already on the public docket. Further, in reviewing the unredacted responsive pleading *in camera*, the Court did not find any instance of Defendant quoting the OSIF documents, referring to specificities in the OSIF Documents, or even describing that these documents exist. Because the information in question is already publicly available, there is no compelling interest in sealing it.

Further, Plaintiff fails to tailor narrowly the redactions to their request. Instead, it relies on Defendant's proposed redactions which were created according to Protection Order guidelines. (Doc. 43 at 1 (requesting "that any substantive references to those documents be redacted as reflected in Defendant's proposed Answer and Counterclaims as indicated at ECF No. 38-2.")). Plaintiff does not explain how each redaction is justified. Rather, it conflates the justifications for sealing the OSIF Documents as exhibits as broadly justifying sealing the redactions. In the same way, Plaintiff generally argues that the redactions are justified because Defendant's pleadings can be understood without the redacted information. (Doc. 43 at 12–13). Plaintiff again has not shown

that each redactions contains information that has not been made publicly available. A plaintiff "cannot expect to reap the benefits of an overbroad request by placing the onus on the Court to determine on a 'line-by-line basis . . . that specific information in the court record meets the demanding requirements for a seal.'" *Rudd Equip. Co., Inc.*, 2020 WL 6946577, at *3 (quoting *Shane Grp., Inc.*, 825 F.3d at 308); *U.S. ex rel. Scott v. Humana*, No. 3:18-cv-61, 2021 WL 4449277, at *9 (W.D. Ky. Sept. 28, 2021) (stating the same). As it stands, Plaintiff's request to seal is much too broad, if not moot, and the Court declines to do Plaintiff's work for them. Plaintiff's Motion to file a redacted version of Defendant's responsive pleadings is **DENIED.**

Finally, parties bring up an issue regarding "Paragraph 54." In a footnote in its Motion, Plaintiff discusses the parties' extrajudicial disputes surrounding Paragraph 54 in Defendant's pleading that relies upon a clawed-back document, OSIF0001412, that was replaced once it had revised privilege redactions. (Doc. 43 at 4 n. 1). Plaintiff previewed that it intended to file a motion to seal specifically on Paragraph 54 within 7 days of Defendant's Answer being filed. (*Id.*). Defendant argues that the Court should not wait until Plaintiff files another motion to seal because it will create unnecessary motions practice which will cause additional cost and delay. (Doc. 46 at 5–7). Defendant further submits that the revised redactions did not impact Defendant's allegations. (*Id.*). Plaintiff replies that Paragraph 54 is not properly before the Court on this Motion. (Doc. 47 at 5–6). Defendant included Paragraph 54 in its responsive pleading unredacted. (Doc. 49 at 39). Defendant represented to the Court that it did so based on Plaintiff's replacement redaction revisions not privileging the information which Paragraph 54 is based.

Plaintiff has not filed a Motion to Seal within 7 days of Defendant's Answer being filed. Therefore, this issue is **MOOT.**

## IV. CONCLUSION

Plaintiff has not met its burden to seal the proposed materials, and its Motion for leave to do so (Doc. 43) is **DENIED.** Defendant is **ORDERED** to file an unredacted version of its responsive pleading, **within seven (7) days** of this Order.

IT IS SO ORDERED.

Date: October 22, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE